USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/31/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
WILSON DIAZ,                                                            :
                                                                        :
                              Plaintiff,                                :   13-CV-7282 (JMF) (RLE)
                                                                        :
         -v-                                                            :   ORDER ADOPTING
                                                                        :   REPORT AND
COMMISSIONER OF SOCIAL SECURITY,                                        :   RECOMMENDATION
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This Social Security case was referred to Magistrate Judge Ellis for a report and recommendation on any motion for judgment on the pleadings. (Docket Nos. 5, 10). In a Report and Recommendation filed on March 13, 2015 (Docket No. 27) ("Report and Recommendation"), Judge Ellis recommended that the unopposed motion for judgment on the pleadings filed by Defendant Commissioner of Social Security (the "Commissioner") (Docket No. 24) be granted.

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  In addition, it expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1).  (Report & Recommendation 20).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well reasoned and grounded in fact and law.  Specifically, Judge Ellis held that the Administrative Law Judge ("ALJ") properly limited the weight given to Plaintiff's treating physician's opinion regarding Plaintiff's claimed disability, finding — as the ALJ determined — that the physician's opinion was inconsistent with other record evidence (including the physician's own treatment notes) and was contradicted by Plaintiff's own testimony.  (Report & Recommendation 18-19).  Judge Ellis also determined that, by reviewing records from seven other medical sources besides the treating physician, the ALJ "develop[ed] a longitudinal picture of Diaz's claimed disabilities as he was required to do by § 404.1520a(c)(l)." (*Id.* at 19).  The Court finds no clear error in Magistrate Judge Ellis' recommendation;

accordingly, and because the ALJ's determination is supported by substantial evidence in the record, the Report and Recommendation is adopted in its entirety.

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED. The Clerk of Court is directed to terminate Docket No. 24, to close this case, and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 31, 2015
      New York, New York

JESSE M. FURMAN
United States District Judge